| | |
|---|---|
| ANTHONY BONSALL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00418-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER FOR PLAINTIFF TO:<br><br>(1) FILE A FIRST AMENDED COMPLAINT; OR<br><br>(2) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT, SUBJECT TO THIS COURT ISSUING FINDINGS AND RECOMMENDATIONS TO A DISTRICT JUDGE CONSISTENT WITH THIS ORDER<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE COURT TO ORDER THE UNITED STATES MARSHALS SERVICE TO SERVE DEFENDANTS<br><br>(ECF NOS. 1 & 7)<br><br>THIRTY (30) DAY DEADLINE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Anthony Bonsall ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on April 2, 2019. (ECF No. 1).

The Court has reviewed the complaint and finds that Plaintiff has failed to state any cognizable claims. Plaintiff now has options as to how to move forward. Plaintiff may file an amended complaint based on the legal standards in this order if he believes that additional facts would state cognizable claim(s). If Plaintiff files an amended complaint, the Court will screen

1

that amended complaint in due course. Or, Plaintiff may file a statement with the Court that he wishes to stand on this complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis* (ECF No. 5), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

## II. SUMMARY OF PLAINTIFF'S COMPLAINT

Plaintiff suffers from the Hepatitis C virus. He has had the virus since 2001.

In November 2017, he requested that Dr. Kongara provide care and treatment for his Hepatitis C condition. Dr. Kongara refused to authorize care and treatment, saying "You are not severe enough for care and treatment."

About five months later, Plaintiff asked Dr. Kongara for care, treatment, and fibroscan testing for his Heptatis C condition, and his request was again denied as not being "severe enough."

In one interview with Dr. Kongara, Plaintiff stated "Can you please put me in for the medical treatment and test my liver for damage, because I have had Hepatitis C[] since 2001 and I think after 15-years the virus has had to cause harm to my liver. I have learned that a treatment and liver damage testing exists. [I]nmates who have Hepatitis C[] around the same time as me are getting the treatment. They say it is a good program. I am requesting this care, treatment and fibroscan testing please." Dr. Kongara stated "You look healthy enough. Your condition is not severe enough for Hepatitis-C[] care and treatment. Your request for this treatment and testing is denied." Plaintiff had this same discussion with Dr. Kongara multiple times. Plaintiff never saw Dr. Kongara write down notes or type in her computer.

Plaintiff then submitted a series of health care grievances asking for fibroscan for his Hepatitis C. These requests were also denied. One registered nurse told Plaintiff "I see you have Hepatitis-C and you are in our chronic care program, but you are not eligible for fibroscan testing because Dr. Kongara has not ordered your Hepatitis C[] treatment."

On November 28, 2018, Chief Physician and Surgeon Dr. U. Baniga responded to Plaintiff's grievance, denying the appeal and stating "you currently have a FiB4 score of 0.84, which does not meet criteria for ordering of fibroscan per CCHCS Hepatitis C Care Guide. You are currently being monitored appropriately. However, no fibroscan exam is indicated at this time."

Dr. Baniga's assertion that Plaintiff is being monitored appropriately is false.

On February 20, 2019, Plaintiff's grievance was denied at "headquarters" level, which

outlines the same reasons for denial as listed above. It also stated "You are enrolled in chronic care program, where your medical conditions and medication needs are closely monitored. Progress notes indicate there is a plan of care in place and the primary care provider has discussed the plan of care with you." Additionally, it stated "There is no recent documentation that you have attempted to access health care services utilizing approved processes for concerns related to receiving a fibroscan."

Plaintiff claims that without treatment, his Hepatitis C could cause premature death, pain, suffering, and liver damage.

Plaintiff names as defendants the California Department of Corrections and Rehabilitation, Dr. Kongara, Dr. Baniga, and Does 1-10.

### III. ANALYSIS OF PLAINTIFF'S CLAIMS

**A. Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing

"under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691, 695 (1978).

**B. Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds by WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (*en banc*)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d

1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff must show that the course of treatment the doctors chose was medically unacceptable under the circumstances." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff's complaint fails to state a claim for a violation of the Eighth Amendment under the legal standards described above. Plaintiff's allegations demonstrate a difference of opinion between him and his medical providers regarding the need for fibroscan and related treatment for his Hepatitis C. Plaintiff's doctors do not appear to believe that Plaintiff needs this treatment, and Plaintiff disagrees. This alleged difference of opinion does not rise to the level of a constitutional violation. Plaintiff does not allege that any medical provider believes he needs this care yet is failing to provide it to him. Instead, the doctors and appeals personnel all have told Plaintiff that they do not believe he needs this care. They have cited internal regulations and test scores, as well as his placement in a care program, in support of their decision. While Plaintiff disagrees, that does not give rise to a constitutional claim.

///

**C. Equal Protection**

The equal protection clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439(1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that Defendants intentionally discriminated against him based on his membership in a protected class, Hartmann, 707 F.3d at 1123 Furnace, 705 F.3d at 1030, Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003), Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02 (2008), Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008), North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

It appears that Plaintiff is attempting to assert an equal protection claim on the ground that similarly situated prisoners are receiving Hepatitis C treatment. However, Plaintiff has failed to allege that Defendants are intentionally treating Plaintiff differently without a relational relationship to a legitimate state purpose. He has also not alleged he is being treated differently due to being part of a protected class. While Plaintiff has alleged that other inmates that contracted Hepatitis C at around the same time as Plaintiff received treatment, Plaintiff has not sufficiently alleged that his health and symptoms is the same as theirs. Moreover, there is no indication that the alleged difference in treatment is intentional to discriminate against Plaintiff.

**IV.    CONCLUSION AND ORDER**

The Court finds that Plaintiff's complaint fails to state any cognizable claims. As no claims are cognizable, the Court will deny Plaintiff's motion for the Court to order the United States Marshals Service to serve Defendants (ECF No. 7).

However, under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court

should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended complaint within thirty days.

If Plaintiff chooses to file an amended complaint, the amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must also demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Alternatively, Plaintiff may choose to stand on this complaint, in which case the Court will issue findings and recommendations to a district judge recommending dismissal of the action consistent with this order.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the Court to order the United States Marshals Service to serve Defendants is DENIED;
2. Within thirty (30) days from the date of service of this order, Plaintiff shall either:

8

a. File a First Amended Complaint, which the Court will screen in due course; or

   b. Notify the Court in writing that he wants to stand on his complaint, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

3. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:19-cv-00418-EPG; and

4. Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated: **October 16, 2019**        /s/ Erica P. Grosjean
                                   UNITED STATES MAGISTRATE JUDGE